

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-17-00315-CR

OSCAR LONGORIA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2013-438,023, Honorable John J. "Trey" McClendon III, Presiding

October 16, 2017

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Appellant, Oscar Longoria, was convicted of manslaughter[1] and sentenced to seven years imprisonment. Because his notice of appeal was filed untimely, we dismiss the appeal for want of jurisdiction.

The timely filing of a written notice of appeal is a jurisdictional prerequisite to hearing an appeal. *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012). In a criminal case, the notice of appeal must be filed within thirty days after sentence is

---

[1] TEX. PENAL CODE ANN. § 19.04 (West 2011).

imposed or within ninety days after sentence is imposed if the defendant timely files a motion for new trial. *See* TEX. R. APP. P. 26.2(a). A motion for new trial must be filed within thirty days after sentenced is imposed. *See id.* at 21.4(a). We may extend the deadline to file a notice of appeal if, within fifteen days of the deadline, the appellant files a notice of appeal and a motion for extension. *See id.* at 26.3. If a notice of appeal is not timely filed, we have no option but to dismiss the appeal for want of jurisdiction. *Castillo*, 369 S.W.3d at 198. We have no authority to invoke Appellate Rule 2 to enlarge the time in which to file a notice of appeal. TEX. R. APP. P. 2; *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Appellant was sentenced on May 23, 2017. His notice of appeal or motion for new trial was, therefore, due within thirty days, by June 22. On June 26, appellant filed a motion for new trial. As the motion for new trial was not timely filed, the notice of appeal deadline was not extended to ninety days after sentence was imposed. *See* TEX. R. APP. P. 26.2(a)(2). On August 24, appellant filed a notice of appeal, over ninety days after his sentence was imposed. *See id.* at 26.2(a)(1), 26.3. By letter dated August 29, this Court notified appellant's counsel that the notice of appeal appeared to have been filed untimely and directed appellant to show why the Court has jurisdiction by September 8. We extended the response deadline, *sua sponte*, to October 5. However, no response has been filed to date.

Because appellant's untimely filed notice of appeal prevents this Court from acquiring jurisdiction, we dismiss the appeal for want of jurisdiction.[2]

Per Curiam

Do not publish.

---

[2] Appellant may be entitled to relief by filing a post-conviction writ of habeas corpus returnable to the Court of Criminal Appeals for consideration of an out-of-time appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015).